IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AGNES ROWE, ) | CIVIL NO. 22-00097 SOM/WRP |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT; |
| ) | ORDER DENYING AS MOOT |
| vs. ) | APPLICATIONS TO PROCEED *IN* |
| ) | *FORMA PAUPERIS* |
| ROBERT ANJAIN, owner of ) | |
| Marshallese Island Dream ) | |
| Store, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***

**I.     INTRODUCTION.**

On March 10, 2022, Plaintiff Agnes Rowe filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). *See* ECF Nos. 1-2. Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim over which this court has jurisdiction. Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.    FACTUAL BACKGROUND.**

Rowe's Complaint alleges that Defendant Robert Anjain picked up a package belonging to Rowe from United Airlines Cargo. Rowe alleges that Anjain sold the package's contents at his store, the Marshallese Island Dreams Store, located in Waipahu, Hawaii. Rowe seeks $1000 in damages. *See* Complaint, ECF No. 1, PageID #s 4-6.

**III.     STANDARD.**

To proceed *in forma pauperis*, Rowe must demonstrate that she is unable to prepay the court fees, and that she sufficiently pleads claims.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  The court therefore screens Rowe's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . .  Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV.     ANALYSIS.**

In most civil cases brought by private parties in this court, this court's jurisdiction pertains to claims 1) "arising under the Constitution, laws, or treaties of the United States" (claims involving a federal question) or 2) actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and involves diversity of citizenship.  28 U.S.C. §§ 1331-32.

   While Rowe checked the box in her Complaint to claim federal question jurisdiction, it is not clear what claim might be "arising under the Constitution, laws, or treaties of the United States," as no such claim is identified or is readily apparent.  Rowe simply alleges that Anjain took her property and sold it, without identifying how that alleged action violated the Constitution, a federal law under which Rowe has a right to sue, or a United States treaty.  If this court lacks jurisdiction, this case cannot proceed.  Accordingly, this court dismisses the Complaint and grants Rowe leave to file an Amended Complaint that states a viable claim no later than April 8, 2022.  In any such Amended Complaint, Rowe should identify the source of this court's jurisdiction by specifically describing the section or provision of the Constitution, federal law, or federal treaty at issue.  Because the Complaint is dismissed, the court denies the IFP Application as moot.

   Rowe may have intended to file her Complaint in the District Court for the State of Hawaii, as it appears to allege a state-law claim that potentially could be asserted in small claims court.  *See* https://www.courts.state.hi.us/self-help/small_claims/small_claims (last visited March 11, 2022).  If that is the case, Rowe need not do anything further in this court before proceeding in state court.  This court will then dismiss her action without prejudice

after April 8, 2022.  Of course, this court makes no ruling with respect to the merits of Rowe's case or the procedure to be followed in state court.

**V.      CONCLUSION.**

The Complaint is dismissed, and the IFP Application is denied as moot.  **The court grants Rowe leave to file an Amended Complaint that states a viable claim no later than April 8, 2022.** Rowe may submit another IFP Application at that time.  If she does, she should ensure that she fully answers all of the question posed.  In her IFP Application, Rowe stated that she had received money from a business, profession, or employment, but did not identify the source of that money or the amount received, as requested by the IFP Application form.

Failure to file an Amended Complaint by April 8, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 11, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Rowe v. Anjain*, Civ. No. 22-00097 SOM/WRP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATIONS TO PROCEED IN FORMA PAUPERIS